**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4444**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARRINGTON ALLEN SCOTLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:23-cr-00111-M-RJ-1)

Submitted:  June 17, 2025                                    Decided:  June 20, 2025

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carrington Allen Scotland pled guilty without a plea agreement to three counts of distributing a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, and he was sentenced to 132 months in prison.  On appeal, Scotland asserts that the imposed sentence is substantively unreasonable given his troubled background and the fact that his Sentencing Guidelines range was enhanced under § 851 and due to his career offender status.  Finding no error, we affirm.

We "'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"* *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)) (alteration omitted).  To this end, we first assess whether the sentencing court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors," choosing "a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

"If the sentence is procedurally sound, [we] should then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances."

---

* The Government argues that we should review Scotland's assignment of error under the more stringent plain error standard of review.  Because we find no error under the less deferential abuse-of-discretion standard, we apply that standard here.

2

*United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). Moreover, "any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). That "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

Although Scotland points to no procedural sentencing error by the district court, our "first responsibility in a sentencing challenge is to review the procedural reasonableness of the challenged sentence." *United States v. Elboghdady*, 117 F.4th 224, 234-35 (4th Cir. 2024). Our review of the record confirms that the Guidelines range in Scotland's presentence report was correctly calculated and therefore appropriately adopted by the district court. The record also confirms that the district court acknowledged that the sentencing range was advisory and thoroughly explained its rationale for the downward variant sentence, tethering that rationale to the § 3553(a) factors it deemed relevant. *Fowler*, 948 F.3d at 668.

As Scotland's sentence is 56 months below his Guidelines range, we presume that the sentence is substantively reasonable. *See Gillespie*, 27 F.4th at 945. It is thus

3

incumbent upon Scotland to rebut the presumption of reasonableness by showing that the 132-month sentence "is unreasonable when measured against the . . . § 3553(a) factors." *Gutierrez*, 963 F.3d at 344 (internal quotation marks omitted).

Scotland has not met this burden. While Scotland concedes that the district court considered the arguments he presented in mitigation, he asserts only that the imposed sentence is greater than necessary considering his specific extraordinary circumstances. However, Scotland's argument is little more than an expression of disagreement with the weight the district court afforded the § 3553(a) factors. Scotland therefore fails to rebut the presumption of reasonableness we afford his below-Guidelines sentence, which we thus decline to disturb. *See Gall*, 552 U.S. at 51 (holding that mere disagreement with the sentence imposed "is insufficient to justify reversal of the district court"); *cf. United States v. Friend*, 2 F.4th 369, 382 (4th Cir. 2021) (holding that a district court does "not abuse its discretion by placing significant weight on the seriousness of defendant's offense," and refusing to "reverse a sentence . . . , even if the sentence would not have been the choice of [this c]ourt" (internal quotation marks omitted)).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4